**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CANDELARIA HERNANDEZ
c/o 519 H Street NW
Washington, DC 20001

Plaintiff,

v.

OUTPOSTDC, LLC
d/b/a A BAKED JOINT
1422 Foxhall Road NW
Washington, DC 20007

BAKED & WIRED, INC.
1422 Foxhall Road NW
Washington, DC 20007

ANTHONY VELASQUEZ
1422 Foxhall Road NW
Washington, DC 20007

TERESA VELASQUEZ
1422 Foxhall Road NW
Washington, DC 20007

Defendants.

Civil Action No. ___________________

## COMPLAINT

1. While Plaintiff worked for Defendants' cafe, Defendants did not pay Plaintiff overtime wages for her overtime hours. Instead, Defendants split Plaintiff's pay between two checks in order to conceal their obligation to pay overtime wages.

2. Plaintiff brings this action against OutpostDC, LLC; Baked & Wired, Inc.; Anthony Velasquez; and Teresa Velasquez ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Candelaria Hernandez is an adult resident of the District of Columbia.

6. Defendant OutpostDC, LLC is a District of Columbia limited liability company. It does business as A Baked Joint. Its principal place of business is registered as 1422 Foxhall Road NW, Washington, DC 20007. Its registered agent for service of process is Timothy Boles, 1422 Foxhall Road NW, Washington, DC 20007.

7. Defendant Baked & Wired, Inc. is a District of Columbia corporation. Its principal place of business is registered as 1422 Foxhall Road NW, Washington, DC 20007. Its registered agent for service of process is Timothy Boles, 1422 Foxhall Road NW, Washington, DC 20007.

8. Defendant Anthony Velasquez is an adult resident of the District of Columbia. He resides at 1422 Foxhall Road NW, Washington, DC 20007. He is an owner and member of Defendants OutpostDC, LLC and Baked & Wired, Inc. He exercises control over the operations of OutpostDC, LLC and Baked & Wired, Inc. — including their pay practices.

9. Defendant Teresa Velasquez is an adult resident of the District of Columbia. She resides at 1422 Foxhall Road NW, Washington, DC 20007. She is an owner and member of Defendants OutpostDC, LLC and Baked & Wired, Inc. She exercises control over the operations of OutpostDC, LLC and Baked & Wired, Inc. — including their pay practices.

10. Defendants Anthony Velasquez and Teresa Velasquez are married.

## Factual Allegations

11. Defendants own and operate the restaurant A Baked Joint, located at 430 K Street NW, Washington, DC 20007.

12. Plaintiff worked at A Baked Joint from approximately 2015 through approximately March 23, 2023.

13. Plaintiff worked at A Baked Joint as a line cook.

14. Plaintiff's job duties at A Baked Joint primarily consisted of preparing and cooking food, and keeping her work area clean.

15. Plaintiff typically and customarily worked five days per week.

16. At all relevant times, Plaintiff typically and customarily worked forty-five to fifty-five hours per week.

17. At all relevant times, Defendants paid Plaintiff by the hour.

18. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Apr. 01, 2020–Jan. 09, 2022 | $19.00 |
| Jan. 10, 2022 – Mar. 23, 2023 | $22.00 |

19. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

20. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

21. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

22. At all relevant times, Defendants split Plaintiff's pay between two separate checks: one issued by Defendant OutpostDC, LLC, and one issued by Defendant Baked & Wired, Inc.

23. At all relevant times, Defendants paid Plaintiff for her first forty hours of work in a workweek with a check issued by OutpostDC, LLC.

24. At all relevant times, Defendants paid Plaintiff for her hours in excess of forty in a workweek with a check issued by Baked & Wired, Inc.

25. For example, during the two-week pay period of October 31–November 13, 2022, Plaintiff worked 103.66 hours at A Baked Joint. Defendants paid Plaintiff $22.00 for each of these 103.66 hours — 80.00 hours paid by OutpostDC, LLC in one check, and 23.66 hours paid by Baked & Wired, Inc. in a second check:

FOLD AND REMOVE →

Candelaria Hernandez — 4900 Fort Totten Dr NE Washington DC 20011 — Check No: 1693 — Date: 11/17/2022

EMP# 7756
CLOCK# 007756
DEPT# 000200
FED S N
DC S 0

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | 80.0000 | 22.00000 | 1760.00 | Chk-xxxx8537 | 1613.35 | 0.00 |
| CC TIPS | | | 207.34 | Total: | 1613.35 | 0.00 |
| | | | YTD | | | |
| BACK PAY | 0.00000 | | 931.38 | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 1967.34 | 45497.51 |
| FED | 91.48 | 2214.02 |
| MEDICARE | 28.53 | 659.72 |
| SOC SEC | 121.98 | 2820.85 |
| DC | 112.00 | 2615.00 |

Net Pay: 1613.35

OUTPOSTDC LLC 1422 FOXHALL ROAD NW WASHINGTON, DC 20007

Key: [redacted]

Period Start: 10/31/2022
Period End: 11/13/2022 PRIMEPAY

FOLD AND REMOVE →

Candelaria Hernandez — 5031 1st St. NW Washington DC 20011 — Check No: 1788 — Date: 11/17/2022

EMP# 30
CLOCK# 000030
DEPT# 000400
FED S N
DC S 0

| Type | Hours | Rate | Earnings | Ded Type | Amount | YTD |
|---|---|---|---|---|---|---|
| REGULAR | 23.6600 | 22.00000 | 520.52 | Chk-xxxx8537 | 456.70 | 0.00 |
| | | | | Total: | 456.70 | 0.00 |
| | | | YTD | | | |

| | This Pay | YTD |
|---|---|---|
| EARNINGS | 520.52 | 9273.66 |
| FED | 0.00 | 0.00 |
| MEDICARE | 7.55 | 134.45 |
| SOC SEC | 32.27 | 574.96 |
| DC | 24.00 | 394.00 |

Net Pay: 456.70

BAKED & WIRED INC. 1422 FOXHALL ROAD NW WASHINGTON, DC 20007

Key: [redacted]

Period Start: 10/31/2022
Period End: 11/13/2022 PRIMEPAY

26. Defendants split Plaintiff's pay between two paychecks in order to conceal their obligation to pay Plaintiff overtime wages.

27. Because of Defendants' concealment of their obligation to pay overtime, Plaintiff only became aware recently that she was entitled to overtime wages.

28. Defendants owe Plaintiff approximately $30,000.00 in unpaid overtime wages (excluding liquidated damages).

29. Defendant Anthony Velasquez has hired and fired employees on behalf of OutpostDC, LLC and Baked & Wired, Inc.

30. Defendant Anthony Velasquez participated in hiring Plaintiff.

31. Defendant Anthony Velasquez participated in setting Plaintiff's work schedule.

32. Defendant Anthony Velasquez participated in setting Plaintiff's rate and manner of pay.

33. Defendant Anthony Velasquez participated in supervising and controlling Plaintiff's work.

34. Defendant Anthony Velasquez participated in authorizing Plaintiff's direct deposit payments.

35. Defendant Anthony Velasquez had the authority to sign checks on behalf of OutpostDC, LLC and Baked & Wired, Inc.

36. Defendant Anthony Velasquez has signed checks on behalf of OutpostDC, LLC and Baked & Wired, Inc.

37. Defendant Teresa Velasquez has hired and fired employees on behalf of OutpostDC, LLC and Baked & Wired, Inc.

38. Defendant Teresa Velasquez participated in hiring Plaintiff.

39. Defendant Teresa Velasquez participated in setting Plaintiff's work schedule.

40. Defendant Teresa Velasquez participated in setting Plaintiff's rate and manner of pay.

41. Defendant Teresa Velasquez participated in supervising and controlling Plaintiff's work.

42. Defendant Teresa Velasquez participated in authorizing Plaintiff's direct deposit payments.

43. Defendant Teresa Velasquez had the authority to sign checks on behalf of OutpostDC, LLC and Baked & Wired, Inc.

44. Defendant Teresa Velasquez has signed checks on behalf of OutpostDC, LLC and Baked & Wired, Inc.

45. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

46. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

47. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

48. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

49. At all relevant times each Defendant was aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

50. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

51. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

52. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

53. At all relevant times, Defendants had employees who handled food products that had been raised, grown, or produced outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

54. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

56. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

57. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

58. Defendants' violations of the FLSA were willful.

59. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid over-time wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

60. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

61. Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

62. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

63. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one work-week.

64. Defendants' violations of the DCMWA were willful.

65. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

66. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

67. Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

68. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

69. For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

70. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

71. Defendants' violations of the DCWPCL were willful.

72. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards

treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.”).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$96,381.10**, and grant the following relief:

a. Award Plaintiff $90,000.00, consisting of the following overlapping elements:

i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii. unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff attorney’s fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney’s services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,979.10);

d. Award Plaintiff court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

April 17, 2023

Respectfully submitted,

**DCWAGELAW**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*